MULLIGAN ENTERPRISES INCORPORATED
N37 W26637 Kopmeier Drive
Pewaukee, WI 53072

                Plaintiff,

v.                                                                       Civil Action No. 13-CV-___

FELT UP, INC.
2454 N. Grandview
Waukesha, WI 53188

                Defendant.

## COMPLAINT

Plaintiff Mulligan Enterprises Incorporated, by its attorneys, for its complaint against defendant Felt Up, Inc. alleges:

### NATURE OF ACTION

1.    This is an action for declaratory judgment relating to a claim of unfair competition, trademark infringement arising under the Lanham (Trademark) Act, Title 35 United States Code.

### PARTIES

2.    Plaintiff, Mulligan Enterprises Incorporated ("Mulligan") is a Wisconsin corporation organized under the laws of Wisconsin with its principal place of business at N37 W26637 Kopmeier Drive, Pewaukee, Wisconsin.

3.    Defendant, Felt Up, Inc. ("Felt Up") is a Wisconsin corporation organized under the laws of Wisconsin, with its principal place of business at 2454 N. Grandview, Waukesha,

Wisconsin, and with a registered agent of Kenneth Zettelmeier located at 1005 Spring City Drive, Waukesha, WI 53186.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question), and 1338 (civil action arising under an Act of Congress relating to trademarks).

5. Upon information and belief, this Court has personal jurisdiction over Felt Up.

6. Felt Up regularly conducts business in this District.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391.

## BASIS FOR DECLARATORY RELIEF

8. Plaintiff Mulligan owns a restaurant / pool hall venue currently named "Master Z's Cue Club", located at 2454 North Grandview Boulevard, Waukesha, WI 53188.

9. Mulligan purchased the restaurant / pool hall venue via an Asset Purchase Agreement from its previous owner, defendant Felt Up on or about September 19, 2012.

10. As part of the sale, Mulligan and Felt Up also entered into a Trademark License Agreement ("License Agreement") on or about September 19, 2012 whereby Felt Up licensed to Mulligan the right to use Felt Up's trademark incorporating the term "Master Z's" and a logo consisting of a diamond with 5 cue balls and a cue stick with the name "Master Z's" (the "Master Z's Trademark").

11. Mulligan was not required to pay a licensing fee in consideration for the license of the Master Z's Trademark for initial first year of use; however, a lump sum annual fee was required thereafter.

12. The initial annual term for the License Agreement expires on September 18, 2013.

2

13. On or about May 6, 2013, Mulligan received a letter from Mr. Paul Rebholz, counsel for Felt Up, a copy of which is attached as Exhibit A, indicating that Felt Up desired to terminate the License Agreement effective September 18, 2013. The letter further indicated that as of September 19, 2013, Mulligan was no longer permitted to use the Master Z's Trademark.

14. Mulligan, through counsel, responded to Mr. Rebholz's May 6, 2013 letter on May 8, 2013, a copy of which is attached as Exhibit B. The response reconfirmed that the License Agreement can only be terminated by Felt Up if Mulligan commits a material breach of the License Agreement and fails to cure the breach within 90 days. Mulligan declined Felt Up's request to terminate the License Agreement and requested that, if Felt Up believed a breach had occurred, then it should provide a written description of the alleged breach.

15. As of June 18, 2013, no response was received from Felt Up with respect to Mulligan's May 8, 2013 letter.

16. On or about June 18, 2013, Mulligan, through counsel, wrote Felt Up to indicate that, upon further consideration, Mulligan had decided to facilitate Felt Up's request to terminate the License Agreement and that such letter should serve as written notice that Mulligan was terminating the License Agreement as of September 18, 2013. A copy of Mulligan's June 18, 2013, letter is attached as Exhibit C.

17. Mulligan reconsidered its position regarding the License Agreement in large part due to confusion it found with respect to its use of the term "Master Z's". Defendant Felt Up, in addition to being the previous owner of the "Master Z's Cue Club", is also the current owner of a gaming supply store named "Master Z's Dart and Pool Supply", located at 1005 Spring City Drive, Waukesha, WI 53186.

18. Felt Up has been marketing the term "Master Z's" for over 20 years in the Waukesha and surrounding areas on television, billboards, radio and sponsorships. Upon information and belief, Felt Up has spent hundreds of thousands of dollars to promote the term "Master Z's".

19. Often times customers would telephone to or arrive at the "Master Z's Cue Club" looking for "Master Z's Dart and Pool Supply" as they were confused by the similar names of the establishments.

20. In an effort to avoid this confusion and to differentiate the new restaurant / pool hall venue from the old "Master Z's Cue Club" as operated by Felt Up, Mulligan decided to engage in a complete re-branding process and overhaul of its facilities. The roll out date for the re-brand of the restaurant / pool hall venue is currently scheduled to take place on September 19, 2013, the date following the termination of the License Agreement.

21. The re-branding process, amongst other things, involves ceasing use of the term "Master Z's" as this is the specific term causing the confusion with respect to "Master Z's Dart and Pool Supply". The new name for the "Master Z's Cue Club" will be the "Cue Club of Wisconsin".

22. In addition, the "Cue Club of Wisconsin" will utilize a logo vastly different than the Master Z's Trademark and, in particular, will consist of different colors, fonts and type size.

23. The "Cue Club of Wisconsin" logo also differentiates from the Master Z's Trademark in that it does not include a diamond or cue balls or a cue stick with the name "Master Z's". Instead, the "Cue Club of Wisconsin" logo features and is highlighted by a silhouette of a pool player, a distinct feature not found as part of the Master Z's Trademark.

4

24. At some point following Mulligan's June 18, 2013, termination notice, Felt Up became aware of Mulligan's re-branding and the new "Cue Club of Wisconsin" name and logo.

25. Felt Up, through its counsel Brian Stevens, contacted Mulligan and its attorney on multiple occasions to discuss the new "Cue Club of Wisconsin" name and logo.

26. Specifically, Mr. Stevens spoke with Felt Up attorneys on August 19 and August 22, 2013, and stated that Felt Up believed that the new "Cue Club of Wisconsin" name and logo violated the Master Z's Trademark. Counsel for Mulligan denied these allegations and the attorneys discussed the relative merits of their positions.

27. The ultimate take away by Mulligan from the conversations with Mr. Stevens was that Felt Up intended to file a trademark infringement suit against Mulligan if it proceeded with its re-branding roll out and the new "Cue Club of Wisconsin" name and logo.

28. This take away was later confirmed through statements made by the owner/operator of Felt Up Kenneth Zettelmeier who, upon information and belief, informed various individuals and current customers of Mulligan that he believed the new "Cue Club of Wisconsin" name and logo violated the Master Z's Trademark and that he intended to pursue Mulligan if it moved forward with its re-branding process and the new "Cue Club of Wisconsin" name and logo.

29. Mr. Stevens left a voicemail to Mulligan's counsel on September 10, 2013, which again detailed the substantive points he believed supported Felt Up's trademark infringement claims and indicated that Mulligan was not to use the new "Cue Club of Wisconsin" name and logo.

30. In view of the conversations and messages of August 19 & 22, 2013, and September 10 & 11, 2013, between counsel; the representations made by Mr. Zettelmeier; and

the launch of the new "Cue Club of Wisconsin" name and logo as of September 19, 2013, there is an actual case or controversy between plaintiff Mulligan and defendant Felt Up within the meaning of 28 U.S.C. § 2201 concerning the defendant's asserted trademark infringement and unfair competition claims against Mulligan.

## COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF MASTER Z'S TRADEMARK

31. Felt Up uses the term "Master Z's" as an indicator for its store "Master Z's Dart and Pool Supply".

32. The new "Cue Club of Wisconsin" name and logo is different in sound, appearance and presentation from the term "Master Z's" and from the Master Z's Trademark such that the average purchaser of plaintiff's and defendant's venues, products and services can easily and readily distinguish them.

33. Mulligan's use of the new Cue Club name and logo to market and sell its venue, products and services will not cause likelihood of confusion among customers between the Felt Up's venue, products and services and Mulligan's products and services.

34. Accordingly, Mulligan seeks declaratory judgment that Mulligans' use of the new Cue Club name and logo does not infringe upon the Master Z's Trademark or any other trademark rights of Felt Up.

## COUNT II – DECLARATORY JUDGMENT OF NO UNFAIR COMPETITION OR DECEPTIVE TRADE PRACTICES

35. Mulligan's marketing of its restaurant / pool hall venue through the new Cue Club name and logo, and any other products or activity complained of by Felt Up, does not in any way constitute common law unfair competition, whether in the State of Wisconsin or elsewhere, or unfair competition under any state statute including the Uniform Deceptive Trade Practices Act.

36. Accordingly, Mulligan seeks declaratory judgment that Mulligan is not liable for any alleged unfair competition, deceptive trade practice or any other violation of law asserted by Felt Up.

**REQUEST FOR RELIEF**

WHEREFORE, plaintiff Mulligan Enterprises Incorporated demands that judgment be entered in its favor and against defendants Felt Up, Inc. as follows:

A. Adjudging that Mulligan's use of the new Cue Club name and logo does not infringe upon the Master Z's Trademark or in any other trademark rights of Felt Up;

B. Adjudging that Mulligan is not liable for unfair competition, deceptive trade practice or any other violation of law;

C. Awarding Mulligan that reasonable costs of this action; and

D. Granting such other and further relief as the court deems appropriate.

**JURY DEMAND**

Plaintiff Mulligan Enterprises Incorporated demands a jury for all factual issues not admitted by the defendant.

Dated this 11th day of September, 2013.

SORRENTINO BURKERT LAW GROUP LLC

/s John T. Domaszek .
John T. Domaszek
State Bar No. 1045877
*Attorney for Plaintiff Mulligan Enterprises Incorporated*

W229 N1433 Westwood Drive,
Suite 100
Waukesha, Wisconsin 53186
Phone: (262) 513-3315
Fax: (262) 513-3318

Email: jdomaszek@sorrentinoburkert.com